UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61279-CIV-MARRA/JOHNSON

MARK DONAHAY, and all others similarly
situated,

      Plaintiff,

vs.

PALM BEACH TOURS & TRANSPORTATION,
INC., a Florida corporation, and JOHN CRITCHETT,
an individual

      Defendants.
_____/

**OPINION AND ORDER**

This Cause is before the Court upon Defendants' Motion to Dismiss, filed September 19, 2006. (DE 8.) On October 10, 2006, Plaintiff filed his response. (DE 9.) Defendants filed their reply on October 27, 2007. (DE 12.) The Court has considered the motion, the responses, and is otherwise fully advised in the premises. The matter is now ripe for review.

**I.      Background**

This is a civil action brought by Mark Donahay and others similarly situated against Defendants Palm Beach Tours & Transportation, Inc. ("Palm Beach Tours") and John Critchett for violations of 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act, or FLSA.[1] The facts as gleaned from the complaint and accepted as true for purposes of this motion to dismiss, are as follows.

---

[1] Although titled and brought as a region wide collective action under § 216(b), to date no other putative plaintiffs have filed a consent to join nor has Plaintiff moved to Permit court-supervised notification pursuant to 29 U.S.C. § 216(b).

Plaintiff Donahay worked as chauffeur for Palm Beach Tours' limousine service from November 2002 to November 2005. (Complaint ¶¶ 15, 31.) Plaintiff was paid only a percentage of the charge the customer paid to Defendants; Plaintiff was not paid overtime for weeks where Plaintiff worked in excess of forty hours, nor was Plaintiff paid for hours worked without passengers in the car–time spent waiting for passengers at pick up destinations or remaining on call for nearly 24 hours. (Complaint ¶¶¶¶ 16, 18, 23, 24.) Further, Defendants improperly classified Plaintiff as an independent contractor when Plaintiff was an employee. (Complaint ¶ 17.) As a result, Defendants failed to pay Plaintiff's Social Security liability to the federal government. (Complaint ¶ 17.)

Counts I and II of the three-count complaint allege FLSA violations for Defendants' alleged failure to pay overtime compensation, waiting time, and on-call time (Count I) and Defendants' failure to pay a wage rate/minimum wage to Plaintiff for hours worked without any compensation (Count II). Count III is labeled "Declaration of Employee Status." Count III re-alleges that Plaintiff and similarly situated individuals were employees, not independent contractors, as classified by Defendants. (Complaint ¶ 48.) Having been improperly classified as independent contractors for tax purposes, Plaintiff requests a declaration from the Court that Plaintiff and similarly situated individuals are employees for purposes of the FLSA. (Complaint ¶ 49.) As such, Plaintiff requests the Court to order Defendants to provide to Plaintiff a W-2 form so that he can file a proper tax return. (Complaint ¶ 49.) Plaintiff also requests the Court to order Defendant Palm Beach Tours to pay its share of back social security payments to the United States Treasury. (Complaint ¶ 50.)

In their Motion to Dismiss, Defendants argue that Count III must be dismissed for lack of

subject matter jurisdiction.  Defendants assert that Count III seeks a declaration of rights with regard to Plaintiff's status as a taxpayer and that the Declaratory Judgment Act, 28 U.S.C. § 2201, and supporting case law, prohibit courts from awarding declaratory relief relative to an individual's status as a taxpayer.

Plaintiff responds that he is not seeking relief under the Declaratory Judgment Act. Rather, Plaintiff is seeking an order requiring Defendants to issue a W-2 to Plaintiff and to pay Plaintiff's share of social security and medicare employment taxes.  Plaintiff contends that if the Court does not grant this relief, federal law would be violated in any settlement between the parties.

In reply, Defendants argue that although Count III does not specifically refer to the Declaratory Judgement Act, it nonetheless is seeking relief under the act.  Defendants further contend that Count III is Plaintiff's attempt to shift the burden of proof on the issue of whether Plaintiff is, in fact, an employee.

## II.     Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R. Civ. P. 8(a).  It is well settled that a complaint should not be dismissed unless "it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true.  *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

### III. Discussion

The FLSA provides that an action for overtime compensation "may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "The Supreme Court has explained that courts must determine whether, as a matter of 'economic realit[y],' an individual is an employee or an independent contractor in business for himself." *Fruend v. Hi-Tech Satellite, Inc.,* 185 Fed. Appx. 782, 782 -83 (11 th Cir.2006)(quoting *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 728 (1947)).

Here, Count III of Plaintiff's complaint is misplaced. Requesting the Court to determine whether Plaintiff and similarly situated individuals were employees is not a separate cause of action. Rather, it is an underlying determination that is salient to the relief sought in Counts I and II. Plaintiff has pled that he was an employee and Plaintiff must now prove as much with record evidence. If Plaintiff's allegations are valid, and Counts I and II are successfully prosecuted, the relief Plaintiff seeks in Count III is better suited as ancillary to the relief he seeks in Counts I and II.

Accordingly, it is **ORDERED and ADJUDGED** that Defendants' Motion to Dismiss (**DE 12)** is **GRANTED**; Count III of the Complaint is **DISMISSED**.

**DONE AND SIGNED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of April, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
All Counsel of Record