UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61279-CIV-MARRA/JOHNSON

MARK DONAHAY, and all others similarly
situated,

    Plaintiff,

v.

PALM BEACH TOURS & TRANSPORTATION,
INC., a Florida corporation, and JOHN CRITCHETT,
an individual,

    Defendants.
_____/

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY PURSUANT TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS**

Plaintiff, Mark Donahay ("Donahay"), through his undersigned attorneys, files this Reply Memorandum in Support of His Motion to Compel Discovery Pursuant to Plaintiff's Second Set of Interrogatories to Defendants, and states:

**PRELIMINARY STATEMENT**

Part of the problem with discovery in this case has been the Defendants' use of boilerplate objections coupled with the Defendants' refusal to engage in meaningful conferral. The case of *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293 (W.D. N.Y. 1996), is an employment case that exemplifies why the Defendants' contention that it may lodge boilerplate objections is mistaken. In *Obiajulu*, there were numerous discovery disputes, and the judge felt "compelled to comment generally on the type of objections the [defendant] utilized in responding to [Obiajulu's] discovery demands", and stated:

> [Defendant's] objections invariably recite virtually the same verbiage to each document request, repeating the familiar boilerplate phrase that each and every request is 'vague, overly broad, unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant eviden[ce]' . . . .
>
> Such pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D. Pa. 1980). *The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure.*
>
> A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome or overly broad. Instead *the party resisting the discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad.*
>
> *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995).
>
> The frustration expressed by plaintiff with respect to the [defendant's] boilerplate and non-specific objections to his discovery demands is shared by this Court . . . .

*Obiajulu*, 166 F.R.D. at 295 (emphasis added). The Local Rules follow the reasoning employed by the court in Obiajulu, as Southern District of Florida Local Rule 26.1.G.6(a) provides that "where an objection is made to . . . any document request under Fed. R. Civ. P. 34, the objection shall state with specificity all grounds. *Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure . . . shall be waived.*" (emphasis added). *See also* S.D. Fla. L.R. Appendix A, section III.A(5). This section of the Local Rules could not be more clear. It states that "any [such] objections . . . shall be waived." It does not make an exception for objections based on vagueness or other grounds.

Finally, as a preliminary matter, Donahay reminds the Court that the Defendants are a relatively small closely held business, and it is not as if there are hundreds of employees that the Defendants employ, but rather only a few.

## MEMORANDUM OF LAW

### I. DONAHAY'S SECOND SET OF INTERROGATORIES

#### A. Interrogatory No. 1

The Defendants' first argument is that they cannot answer this interrogatory until the Court first rules on whether it should compel documents pursuant to Plaintiff's Motion to Compel Discovery Pursuant to Plaintiffs' First Request for Production, Request No. 8. That argument was waived by the Defendants, because it was not asserted in their Response to the discovery. *Dollar v. Long Mfg.*, 561 F.2d 613 (5th Cir. 1977);[1] *In re: United States*, 864 F.2d 1153 (5th Cir. 1989); *Godsey v. United States*, 133 F.R.D. 111 (S.D. Miss. 1990); *Scott v. Arex, Inc.*, 124 F.R.D. 39 (D. Conn. 1989); and *Jayne H. Lee, Inc. v. Flagstaff Indus.*, 173 F.R.D. 651, 653 (D. Md. 1997). Moreover, the Defendants' arguments are an implicit argument that they should be able to respond to this interrogatory pursuant to Rule 33(d), through the incorporation of documents, however, nowhere have the Defendants objected or asserted that ground before, and thus it is waived. Moreover, to the extent that the Defendants employ people other than drivers (and they do), it does not make the interrogatory answerable through the incorporation of documents in response to those requested in Request No. 8. Donahay does not know all of the Defendants' employees, and he would like to, and therefore he desires the information requested, so he can determine who to depose, subpoena those people for deposition and trial, and so forth.

---

[1] All former Fifth Circuit cases decided prior to the close of business on September 30, 1981 are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Intriguingly, the Defendants state that "[i]f what Plaintiff seeks is the names of Defendant, PALM BEACH TOURS & TRANSPORTATION, INC.'s employees then the information would be willingly supplied." (*Defendants' Response* at 2).  This statement is not consistent with the Defendants' objections.  Donahay's interrogatory does not ask for much more than that, as it only seeks Defendants to identify their position, their supervisor, and how long they have been employed.

### B. Interrogatory No. 2

The Defendants' main argument in its Reply is that the interrogatory is improperly vague, see pp. 2-3 of the Response, where Defendants argue that the usage of the word "utilize" makes the interrogatory impermissibly vague.  However, the Defendants did not object initially on that ground, and thus they have waived that objection.  *Dollar v. Long Mfg.*, 561 F.2d 613 (5th Cir. 1977);[2] *In re: United States*, 864 F.2d 1153 (5th Cir. 1989); *Godsey v. United States*, 133 F.R.D. 111 (S.D. Miss. 1990); *Scott v. Arex, Inc.*, 124 F.R.D. 39 (D. Conn. 1989); and *Jayne H. Lee, Inc. v. Flagstaff Indus.*, 173 F.R.D. 651, 653 (D. Md. 1997).

Even had the Defendants' raised a vagueness objection timely, objecting on that ground because of the word "utilized" proves too much.  That term was used because some limousine companies treat their drivers as independent contractors, and others, like the Defendants, treat them as employees.  If one or the other term is used, and the defendant-employer classified his drivers differently, then the Defendants could object to the discovery on that ground.  Here, the term utilized encompasses both possible scenarios.  Certainly, the term utilized encompasses the situation that exists here, that Defendants employed the drivers, and thus any such drivers that the Defendants utilized are subject to this interrogatory.

4

**CONCLUSION**

For the foregoing reasons, the Court should require the Defendant to provide the information responsive to Plaintiff's Second Set of Interrogatories within five (5) days of the Court's Order compelling same.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 7, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (Charles Eiss, Esq., Charles Eiss, P.L., 1522 Sandpiper Circle, Weston, Florida 33327 and Glantz & Glantz, P.A., 7951 S.W. 6th Street, Suite #200, Plantation, Florida 33324) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

          Glasser, Boreth & Kleppin
          Attorneys for Plaintiff
          8751 W. Broward Blvd.
          Suite 105
          Plantation, FL 33324
          Tel.  (954) 424-1933
          Fax  (954) 474-7405
          E-mail:  Glabor@aol.com

          By__s/Chris Kleppin_____
              Chris Kleppin
              Fla. Bar No. 625485

C:/MyDocuments/Donahay/Plf'sReplytoMtoCompel-2dSetofInterrs04/07/07

---

[2] All former Fifth Circuit cases decided prior to the close of business on September 30, 1981 are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).