UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61279-CIV-MARRA/JOHNSON

MARK DONAHAY, and all others similarly
situated,

    Plaintiff,

v.

PALM BEACH TOURS & TRANSPORTATION,
INC., a Florida corporation, and JOHN CRITCHETT,
an individual,

    Defendants.
_____/

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY PURSUANT TO PLAINTIFF'S THIRD SET OF INTERROGATORIES TO DEFENDANTS**

Plaintiff, Mark Donahay ("Donahay"), through his undersigned attorneys, files this Reply Memorandum in Support of His Motion to Compel Discovery Pursuant to Plaintiff's Third Set of Interrogatories to Defendants, and states:

**PRELIMINARY STATEMENT**

The Defendants assert the following arguments: 1) the Motion addresses only the second set of interrogatories and not the third set; 2) Plaintiffs' counsel has submitted discovery that is over-reaching and he does not know the purpose of Rule 33(d); 3) defense counsel denies that he told undersigned counsel that Defendants had calculated the overtime due to Donahay; 4) Defendants' Answer should make Donahay aware of the Defendants' affirmative defenses, and no additional information need be provided, and Donahay seeks work-product; and 5) interrogatories 6, 7, and 15 are improper and premature contention interrogatories. These

contentions, none of which have any merit, will be addressed below for the pertinent interrogatories.

Initially, however, several of the arguments will be addressed at this point, because they are general in nature. Concerning whether the Motion addresses the second or third set of interrogatories, it addresses the third set, and the interrogatories and the Defendants' response are set verbatim as required by Local Rule 26.1.H.2.[1] Concerning the second argument, undersigned counsel is familiar with Rule 33(d), but does not understand how its invocation here in pertinent, because it is unclear from the Defendants' invocation of it how the information Donahay seeks can be gleaned from any documents provided by Defendants, and the Defendants' Response fails to inform both Donahay and the Court concerning this. Certainly if specific documents obviated the need to answer an interrogatory, defense counsel would have identified those documents to prove the validity of his argument. Concerning the third argument, undersigned counsel did intend to state in his Motion that the Defendants admitted they owe overtime to Donahay, but he believes (as he intended) that he conveyed that the Defendants have actually calculated Donahay's overtime, and undersigned counsel believes that he is entitled to that information.

Concerning the fourth argument, the Defendants' Answer is extremely vague and conclusory, and does not provide the sort of information that undersigned counsel needs and is entitled to to learn and understand what the Defendants' defenses are. Concerning the fifth argument, the interrogatories are not improper contention or claim interrogatories, and discovery

---

[1] Local Rule 26.1.H.2 states, in pertinent part, as follows:

> [M]otions to compel discovery . . . shall quote verbatim each interrogatory, request for admission or request for production and the response to which objections is taken *followed by* (a) the specific objections, (b) the grounds assigned for the objection (if not apparent from the objection), and (c) the reasons assigned as supporting the motion, *all of which shall be written in immediate succession to one another.*

2

is now down to less than sixty (60) days left, and thus undersigned counsel should not have to wait some indefinite period of time in the future to serve the interrogatories that he served in his Third Set of Interrogatories.

## **MEMORANDUM OF LAW**

### I.     DONAHAY'S THIRD SET OF INTERROGATORIES

#### A.     Interrogatory No. 2

State with specificity and in detail the time, form, manner and amount in which Plaintiff is or was compensated by Defendant. Your response should specifically state the basis for the rate of such calculation (if the amount changed over time, state each amount and when the amount changed), and include in detail whether Plaintiff was paid an hourly wage, by salary, pursuant to a piece rate method of compensation, or some other compensation plan or compensation policy.

**Defendant's Response:**     Previously supplied in document form in response to Plaintiff's Third request for Production of Documents.

**Donahay's Position:**

The Defendants contend that Donahay is really seeking documents pursuant to this interrogatory (which is not a document request), because his Motion states that he "needs the documents that he seeks". (*Defendants' Response* at 2). Obviously, Donahay's Motion contains a typographical error, as he clearly seeks an interrogatory answer (an explanation) to the interrogatory. The Defendants' main argument is that they have provided documents from which Donahay should be able to obtain the information that he seeks in the interrogatory answer. *Id.* However, the Defendants have not identified from which documents the information Donahay seeks can be obtained. Undersigned counsel has reviewed the documents provided by the

---

(emphasis added). That is exactly what Donahay did in his Motion to Compel.

Defendants, and has not reviewed that provide the information sought. Therefore, the Court should compel the Defendants to answer this interrogatory.

The Defendants go on to argue that undersigned counsel "is oblivious of the purpose to which interrogatories are designed. Plaintiff seeks to have Defendants prepare his case for him through the use of discovery . . . ." *Id.* at 3. The Defendants' arguments are completely without merit. Undersigned counsel needs the information that he has sought so that he can calculate damages in this case, and to learn facts about the case, such that he will be able to properly try it, if it is not able to be resolved.

Defendants argue that undersigned counsel should not have argued that "Defendants have calculated how much money is owed for overtime", *id.* at 4, and Defendants claim that undersigned counsel is implying that the Defendants have admitted that they overtime. Undersigned counsel intends no such implication, but merely points out that the Defendants possess information from which they can calculate damages, and undersigned counsel desires to possess the same information so that he can do likewise. Defense counsel goes way too far in his Response by attacking undersigned counsel's "truthfulness" concerning the above issue. Defense counsel further challenges why undersigned counsel did not make these representations in an affidavit. That was not necessary, because as an officer of the Court, undersigned counsel warrants that everything that he states in a motion is true and correct; it is a concern that defense counsel does not share this obvious obligation. Defendants' argument that undersigned counsel is trying to inhibit the ability of any defense to be raised in the case is also without merit, and far afield of the relatively straightforward interrogatory that Donahay served.

The Federal Rules and the Local Rules both require a good faith approach to discovery, not hyper-technical word games, and frown on "evasive or incomplete answers" to

4

interrogatories. S.D. Fla. L.R. Gen. App. IV.A(8). One court made the following observation: "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Penn. 1996). The Court should compel the Defendants to respond to the interrogatory using the approach suggested in the Local Rules and in *Hansel*.

### B. Interrogatory No. 3

See *supra*, § I.A.

### C. Interrogatory No. 4

See *supra*, § I.A.

### D. Interrogatory No. 6

There was no objection to this interrogatory lodged by the Defendants that it is an improper or premature contention of claim interrogatory, and thus that argument has been waived. *Dollar v. Long Mfg.*, 561 F.2d 613 (5th Cir. 1977);[2] S.D. Fla. L.R. 26.1.G.6(a) (emphasis added); App. A, IV.A(4) (as to interrogatories) and App. A, III.A(5) (as to production of documents). *See also* App. A section I.D(3) (stating "*[w]hen objections are untimely made, they are waived*") (emphasis added) and *id.*, section III.A(5) (holding same); *In re: United States*, 864 F.2d 1153 (5th Cir. 1989); *Godsey v. United States*, 133 F.R.D. 111 (S.D. Miss. 1990); *Scott v. Arex, Inc.*, 124 F.R.D. 39 (D. Conn. 1989); and *Jayne H. Lee, Inc. v. Flagstaff Indus.*, 173 F.R.D. 651, 653 (D. Md. 1997).

Even if the objection was not waived, it is nevertheless without merit. The Defendants, by implication from raising the argument that the interrogatory should not have to be responded to because it is a contention interrogatory, suggest that this interrogatory has been served

prematurely. That implication is without merit. Discovery in this case has now been ongoing for several months. Moreover, Donahay has already served a set of basic identity interrogatories. Basic identity interrogatories, as stated in Local Rule 26.1.G.2, are those that are served at the commencement of discovery, and are generally restricted to seeking the identities of certain witnesses and documents. *Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992) (differentiating between "interrogatories which seek the identification of witnesses or of documents that support or contradict any of the controverted allegations" with contention interrogatories which ask a party to elucidate its claims or contentions). Consequently, Donahay should not be restricted to merely being able to propound basic identity interrogatories at this stage of the litigation.

In addition to basic identity interrogatories and contention interrogatories described in the Local Rules of this Court, "a party has substantial latitude in drafting interrogatories . . . [because n]o particular form for interrogatories is mandated by the Federal Rules." *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 491 (W.D. N.C. 1998) (citing Fed. R. Civ. P. 33). Therefore, Interrogatory No. 6 is not procedurally deficient.

Moreover, contrary to the Defendants' argument that "[contention] interrogatories may not be objectionable if they are limited solely to seeking facts that may support a party's contention concerning the law" (*Defendants' Response* at 5):

> Contention interrogatories ask a party: to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to the facts; or to state the legal or theoretical basis for a contention.

---

[2] All former Fifth Circuit cases decided prior to the close of business on September 30, 1981 are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

*B. Braun Medical, Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (citations omitted); 7 Moore's *Federal Practice* § 33.02[2][b] (3d ed. 1998).  In this case, Interrogatory No. 6 may be a contention interrogatory, but as set forth in Donahay's Motion, Magistrate Judge Seltzer recently compelled a defendant in a FLSA case to answer this exact interrogatory.  *Titre v. S.W. Bach & Co.*, 2005 WL 1692508, *2-3 (S.D. Fla. 2005).  Accordingly, the Defendants should be compelled to respond to it.

If the Court is of the opinion that the Interrogatory is a contention interrogatory, the Defendants' objection should be overruled in any event.  Federal Rule of Civil Procedure 33(b), and the accompanying advisory committee notes to the 1970 amendments clearly confer the Court with considerable discretion in deciding when a party must answer contention interrogatories.  While contention interrogatories are typically deferred until discovery is near an end, "courts have the discretion to allow use of contention interrogatories before discovery is complete."  *Ziemack v. Centel Corp.*, 1995 WL 729295, *2 (N.D. Ill. 1995) (citing cases).  In *Ziemack*, the court went on to state as follows:

> In light of the twin purposes of efficiency and fairness, the Court must consider, as part of its criteria in deciding whether to compel answers to early contention interrogatories, whether those early answers are likely to require multiple supplemental answers or prematurely commit Plaintiffs to positions and artificially narrow issues.

*Id.*

With these precepts in mind, the Court should compel the Defendant to answer Interrogatory No. 6.  One reason that Donahay propounded this Interrogatory now rather than at the end of discovery (or after discovery) was so he will have some information concerning the Defendants' defenses, such that the rest of the discovery period can be made meaningful, and more targeted discovery can be conducted.  The Defendants cannot carry their heavy burden to show that this Interrogatory should not be answered, as there is simply no reason why the

Defendants cannot inform Donahay of the defenses that is asserting, because to do so will not require multiple supplemental answers or prematurely commit the Defendants to an artificially narrow position.

  **E.** **Interrogatory No. 7**

See *supra*, § I.D.

  **F.** **Interrogatory No. 15**

See *supra*, § I.D.  Moreover, Magistrate Judge Seltzer recently compelled a defendant in a FLSA case to answer this exact interrogatory. *Titre v. S.W. Bach & Co.*, 2005 WL 1692508, *2-3 (S.D. Fla. 2005).

## CONCLUSION

For the foregoing reasons, the Court should require the Defendant to provide the information responsive to Plaintiff's Third Set of Interrogatories within five (5) days of the Court's Order compelling same.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 29, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (Charles Eiss, Esq., Charles Eiss, P.L., 1522 Sandpiper Circle, Weston, Florida 33327 and Glantz & Glantz, P.A., 7951 S.W. 6th Street, Suite #200, Plantation, Florida 33324) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

Glasser, Boreth & Kleppin
Attorneys for Plaintiff
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel.  (954) 424-1933
Fax  (954) 474-7405
E-mail:  Glabor@aol.com


By__s/Chris Kleppin_____
       Chris Kleppin
       Fla. Bar No. 625485

C:/MyDocuments/Donahay/Plf'sReplytoMtoCompel-3dSetofInterrs05/29/07